IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YOLANDA E. QUEWON, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-6778 |
| : | |
| PHILADELPHIA HOUSING : | |
| AUTHORITY, et al., : | |
|     Defendants. : | |

## MEMORANDUM

Yolanda Quewon filed a *pro se* civil action against the Philadelphia Housing Authority and a property manager named Chuk Ukwa based on allegations that someone tried to make her pay rent and utility bills for a "PHA/FHA property," contrary to the terms of her lease. I will grant Ms. Quewon leave to proceed *in forma pauperis* and dismiss her Amended Complaint without prejudice. I will give her an additional chance to file a second amended complaint that provides more detail about her claims, so that I can determine if she can state a plausible claim.

**I.     FACTUAL ALLEGATIONS**

Ms. Quewon lives in a property that the PHA owns. Her lease with the PHA provides that she will pay no rent and nothing for utilities. On December 1, 2024, and on January 1, 2025, someone, possibly Mr. Ukwa, "harassed [her] to pay rent and utilities." (ECF No. 5 at § III.B.) That harassment has happened for "8 years, illegally." (*Id.* at § III.C.) In addition, Ms. Quewon suffers from hip and knee pain, but "the PHA/FHA says that

[she] must pay for a handicap accessible ramp on the outside of [her] home." (*Id.* at § IV.) Ms. Quewon asserts claims for breach of contract, violations of her Fourteenth Amendment due process rights, violations of her First Amendment rights, and discrimination under the FHA.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

### A. *In Forma Pauperis*

Although Ms. Quewon filled out a form for the Philadelphia Court of Common Pleas, rather than this Court, she has shown that she likely cannot afford to pay the fees and costs of this case. I will therefore grant her motion to proceed *in forma pauperis*.

### B. Plausibility Of Claims

The facts in Ms. Quewon's Amended Complaint are somewhat unclear, disjointed, and, at times, inconsistent. As a result, I can't understand the series of events that underlie her claims, a fact that permeates my analysis of the claims that she has asserted. The claims are so vague that they do not provide notice of the conduct that is the basis for Ms. Quewon's suit. If she elects to file a second amended complaint, she must provide a more fulsome factual narrative so that I can understand the factual basis for her claims.

#### 1. Section 1983

Ms. Quewon appears to assert due process claims under the 14th amendment.[1] The vehicle to bring a claim for violation of federal constitutional rights is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

---

[1] Ms. Quewon also refers to the First Amendment, which generally protects an individual's rights to free speech, religious activity, and to petition government for redress of grievances. I cannot discern any plausible First Amendment claims the facts that she alleges.

3

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Ms. Quewon fails to state a plausible § 1983 against either the PHA or Mr. Ukwa.

As a public housing authority, the PHA is considered a municipal corporation for the purposes of § 1983. *See Watson v. Philadelphia Hous. Auth.*, 629 F. Supp. 2d 481, 485 (E.D. Pa. 2009). To show that a municipal entity is liable, a plaintiff must show either that it had an unconstitutional policy or custom or that it was deliberately indifferent to the plaintiff's rights. *See Forrest v. Parry*, 930 F.3d 93, 105-06 (3d Cir. 2019). Ms. Quewon makes no allegations about the PHA's involvement in any supposed violation. She doesn't allege the existence of a policy or custom or identify some deliberate indifference to her rights. Her claim against the PHA is not plausible.

As for Mr. Ukwa, Section 1983 only applies to individuals acting under color of state law. *See West*, 487 U.S. at 48. Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised

powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Ms. Quewon alleges that Mr. Ukwa is a property manager, but she doesn't provide any detail about what property he manages, who he works for, or what his duties are, or how he interacts with her and her property. Without more information, I can't assess whether Mr. Ukwa is a state actor subject to liability under § 1983. Nor has she explained what he does that might violate her due process rights.

### 2. FHA

The FHA prohibits discrimination based on race, color, religion, sex, familial status, national origin or disability in the rental or sale of a dwelling. *See* 42 U.S.C. § 3604. Disability discrimination in this context includes, *inter alia*, "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).[2] The FHA also makes it "unlawful to coerce,

---

[2] "To determine whether an accommodation is reasonable, . . . [a court must] consider whether the requested accommodation is (1) reasonable and (2) necessary to (3) afford handicapped persons an equal opportunity to use and enjoy housing." *Revock v. Cowpet Bay W. Condominium Ass'n*, 853 F.3d 96, 110 (3d Cir. 2017) (internal quotations

intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed … any right granted or protected by section … 3604 … of this title." 42 U.S.C. § 3617. The regulations associated with § 3617 make clear that the section prohibits acts directed at individuals "because of" their membership in a protected class. 24 C.F.R. § 100.400(c)(2).

Ms. Quewon has not stated a plausible FHA claim, either under a theory of intentional discrimination or a theory of failure to reasonably accommodate a disability. She does not describe her disability and whether it is related to her alleged knee and hip pain. To the extent she requested a handicap-accessible ramp outside her home as a reasonable accommodation, she does not allege whether and to whom she requested the accommodation or whether it was necessary for her to use and enjoy her home. *See Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of Tp. of Scotch Plains*, 284 F.3d 442, 459 (3d Cir. 2002). Ms. Quewon also fails to allege any facts about the alleged discrimination.

### 3. Breach of contract

I will dismiss Ms. Quewon's federal claims. There is no independent basis for the

---

omitted). "Necessary suggests something that cannot be done without, and thus is treated as requiring a causal link that examines whether the accommodation sought will redress injuries that otherwise would have prevented disabled individuals from the same enjoyment or access to the property as non-disabled persons." *Schueller v. Pennypack Woods Home Ownership Ass'n*, No. 19-178, 2021 WL 7285246, at *4 (E.D. Pa. Dec. 22, 2021) (internal quotations and citations omitted). "Whether there has been a 'refusal' to provide a reasonable accommodation under the Fair Housing Act depends on the circumstances." *Revock*, 853 F.3d at 110.

Court's jurisdiction over any state law claims, such as her claim of breach of contract. To establish an independent basis, Ms. Quewon would have to allege that she is a citizen of a state different from both the PHA and Mr. Ukwa. But Ms. Quewon appears to live in Pennsylvania, and the PHA is also a Pennsylvania citizen. I will not exercise supplemental discretion over state law claims, either.

## IV.     CONCLUSION

I will grant Ms. Quewon leave to proceed *in forma pauperis* and dismiss her Amended Complaint. I will give her one more chance to plead a plausible claim. To do so, she must include the "who, what, where, when, and why" of her claims. *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019) (cleaned up)). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 20, 2025