IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOLANDA E. QUEWON,     Plaintiff, | : : : | |
| v. | : : | Case No. 2:24-cv-06778-JDW |
| PHILADELPHIA HOUSING AUTHORITY, et al.,     Defendants. | : : : : | |

**MEMORANDUM**

Yolanda Quewon's Second Amended Complaint lacks the detail necessary to state a viable federal claim, even though I laid out the elements that she needs to plead in an earlier decision. Ms. Quewon has had multiple attempts to plead a claim and has failed. I therefore will dismiss her case with prejudice because I conclude that further attempts at amendment would be futile.

I.   BACKGROUND

Ms. Quewon lives in property she leases from the Philadelphia Housing Authority. In a lease dated April 1, 2012, she and the PHA agreed that she would not pay monthly rent and that the PHA would provide electricity and gas at no charge but Ms. Quewon would pay for other utilities. Ms. Quewon was "harassed to pay rent and utilities" from April 2012 until December 2024, even though the lease agreement did not require it. (ECF No. 9 at § III.C.) In August 2016, the PHA forced her to sign a different lease that still did not require her to pay rent but did require her to pay for utilities. After that,

Chuk Ukwa "harassed" her to pay rent and utilities. Ms. Quewon also suffers from hip and knee pain from walking up the front steps of her property but cannot afford assistance.

Based on these allegations, Ms. Quewon asserts claims for breach of contract, violations of her Fourteenth Amendment due process rights, and discrimination under the Fair Housing Act. She first filed suit on December 16, 2024. On January 6, 2025, I issued an Order directing her to file a proper Complaint that states the basis for her claims against each defendant. She filed an Amended Complaint on January 15, 2025. On March 20, 2025, I issued a Memorandum and an Order dismissing her Amended Complaint without prejudice and giving her leave to file a Second Amended Complaint. In my Memorandum, I explained that the claims were too vague. I analyzed the claims that she asserted and explained what she would have to plead to sustain each of those claims.

On April 11, 2025, Ms. Quewon filed a Second Amended Complaint. It adds a little more detail, but not much more. As best as the Court can discern, Ms. Quewon alleges that she was pressured to pay rent and utility bills on her property for over twelve years even though her lease did not impose that obligation.

II.   **STANDARD OF REVIEW**

Ms. Quewon is proceeding *pro se*, so 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires me to dismiss the Second Amended Complaint if it fails to state a claim. That

inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## IV.     DISCUSSION

### A.     Due Process

The vehicle to bring a claim for violation of federal constitutional rights is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). [1] To state a claim under § 1983 for a violation of one's procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). Ms. Quewon again fails to state a plausible § 1983 claim against either the PHA or Mr. Ukwa.

Ms. Quewon has not pled facts to establish a due process violation. *First*, she has not alleged the violation of any interest that the Fourteenth Amendment protects or a lack of procedures available to her to vindicate such an interest. Instead, she has only alleged harassment to try to get her to pay rent. Notably, she doesn't allege that she ever paid that rent.

*Second*, she has not alleged facts to establish that Mr. Ukwa acted under color of state law. Section 1983 only applies to individuals acting under color of state law. *See West*, 487 U.S. at 48. Whether a defendant is acting under color of state law depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Lashio v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). Ms. Quewon alleges only that Mr. Ukwa harassed her by coming to her home and demanding that she make rent and utility bill payments. She provides no details about who Mr. Ukwa is or what role, if any, has with the PHA or any other state actor that would support a reasonable inference that he acted under color of state law or violated her due process rights. Ms. Quewon has thus not stated a plausible § 1983 against Mr. Ukwa.

*Third*, Ms. Quewon has not alleged facts to hold the PHA liable for Courts treat public housing authorities like the PHA as municipal corporations for purposes of § 1983. *Watson v. Philadelphia Hous. Auth.*, 629 F. Supp. 2d 481, 485 (E.D. Pa. 2009). To state a municipal liability claim, a plaintiff must allege either (1) that the municipality had

4

an unconstitutional policy or custom that caused the alleged constitutional violation, or (2) that the plaintiff's injuries were "caused by a failure or inadequacy by the municipality"—e.g., its failure to train or supervise its employees—that "reflects a deliberate or conscious choice." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (citations omitted).

Ms. Quewon alleges no facts about the PHA other than it served as the lessor on her two lease agreements. She does not allege the existence of any PHA policy or custom that caused the harassment she received or that the PHA failed to adequately train or supervise its employees. It ss not even clear from the Complaint what Ms. Quewon alleges is the basis for a due process violation. Ms. Quewon has not stated a plausible § 1983 against the PHA.

**B.   FHA**

The FHA prohibits discrimination based on race, color, religion, sex, familial status, national origin or disability in the rental or sale of a dwelling. *See* 42 U.S.C. § 3604. Disability discrimination in this context includes, *inter alia*, '"a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a] person equal opportunity to use and enjoy a dwelling.'" 42 U.S.C. § 3604(f)(3)(B). The FHA also makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed .. . any right granted or protected by section .

. . 3604 . . . of this title." 42 U.S.C. § 3617. The regulations associated with § 3617 make clear that the section prohibits acts directed at individuals "because of" their membership in a protected class. 24 C.F.R. § 100.400(c)(2).

Ms. Quewon cites the FHA, but she doesn't allege any disability discrimination or discrimination based on any other protected status. She does not allege that she was disabled or that demands from her to pay rent and utility bills related to a disability. She states only that she suffered from hip and knee pain caused by walking up her front stairs and that she cannot afford assistance. To the extent that Ms. Quewon attempts to assert a reasonable accommodation claim in connection with this assistance, she has not alleged whether and to whom she requested the accommodation or whether it was necessary for her to use and enjoy her home. *See Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of Tp. of Scotch Plains*, 284 F.3d 442, 459 (3d Cir. 2002). Ms. Quewon has therefore not stated a plausible FHA claim, either under a theory of intentional discrimination or a theory of failure to reasonably accommodate a disability.

### C.     Breach Of Contract

Having dismissed Ms. Quewon's federal claims, there is no independent basis for the Court's jurisdiction over state law claims such as for breach of contract. In the absence of federal claims, the only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different states. The PHA is a Pennsylvania citizen, and Ms. Quewon

6

also appears to be a Pennsylvania citizen based on the Pennsylvania address she provides. See *Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). Thus, there is no basis for the Court to assert jurisdiction over Ms. Quewon's breach of contract claims. I will dismiss them without prejudice for lack of subject matter jurisdiction.

## IV.  CONCLUSION

I will dismiss Ms. Quewon's Second Amended Complaint. Because I have already given Ms. Quewon an opportunity to amend, and because her Second Amended Complaint suggests no basis for a constitutional or FHA violation, I conclude that amendment would be futile. See *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019). I will therefore dismiss her federal claims with prejudice and her state claims without prejudice. An appropriate Order dismissing this case follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

April 29, 2025